07-5000-ag (L); 08-2085-ag (Con)
Jiang v. Holder

BIA
A076 280 366

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT: DENNIS JACOBS,
        *Chief Judge*,
    JON O. NEWMAN,
    PIERRE N. LEVAL,
        *Circuit Judges*.

_____

SONG KOU JIANG,
    *Petitioner*,

      v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

07-5000-ag (L);
08-2085-ag (Con)
NAC

_____

FOR PETITIONER:    Gang Zhou, New York, New York.

FOR RESPONDENT:    Gregory G. Katsas, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Song Kou Jiang, a native and citizen of the People's Republic of China, seeks review of: (1) an October 11, 2007 order of the BIA denying his motion to reopen, *In re Song Kou Jiang*, No. A076 280 366 (B.I.A. Oct. 11, 2007); and (2) an April 18, 2008 order of the BIA denying his motion to reconsider and reopen, *In re Song Kou Jiang*, No. A076 280 366 (B.I.A. Apr. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not err in denying Jiang's untimely motions to reopen or his motion to reconsider. *See* 8 U.S.C.

§ 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2).  We have previously reviewed the BIA's consideration of evidence similar to that which Jiang submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions excusing the untimely filing of a motion to reopen or a reasonable possibility of persecution.  *See Jian Hui Shao*, 546 F.3d at 169-72; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).  To the extent Jiang requests that we take judicial notice of documents outside the administrative record, that request is denied.  *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007).

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
